UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:19-CV-15-KKC-EBA

CORRENIA J. PROFITT, *Individually
and as Administratrix of the Estate of
Corbin Raie Hill and Shawn Hill*,                                                                PLAINTIFFS,

V.   **MEMORANDUM OPINION
AND ORDER**

HIGHLANDS HOSPITAL CORP., *et al.*                                                 DEFENDANTS.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiffs' motion for leave to take additional depositions pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure. [R. 124]. To date, Plaintiffs have taken and noticed a total of ten (10) depositions as permitted by Fed. R. Civ. P. 30. Now, based on testimony garnered from other witnesses, they seek to depose two additional witnesses—Nurse Diana Hines and Dr. Leslieann Dotson. Defendants oppose Plaintiffs' motion, claiming in essence that the additional depositions would be cumulative and unnecessary. For the reasons outlined herein, the Court grants Plaintiffs' motion in part and denies in part.

**FACTS**

On January 2, 2017, Plaintiff Correnia J. Profitt went to the emergency department at Highlands Regional Medical Center (HRMC). At the time, Plaintiff was pregnant and approximately a week away from her due date. Plaintiff complained of leaking fluid, pain, contractions, and decreased fetal movement. The hospital monitored the Plaintiff for four (4) hours, eventually discharging her. Early the following morning, January 3, Plaintiff returned to HRMC after suffering from increased pain. Hospital personnel determined that a placental

abruption had occurred, and an emergency caesarean section was necessary. A short time later, Plaintiff's son Corbin was delivered. The baby was resuscitated by placement of an endotracheal tube. However, the tube caused Corbin to suffer a pneumothorax. After continued respiratory distress, the baby was airlifted to University of Kentucky Medical Center where he later died.

Plaintiffs Correnia J. Profitt, individually and as administratrix of the estate of Corbin Rae Hill, and Shawn Hill now bring suit against HRMC, several medical professionals involved in the care of Profitt and Corbin, and the United States.

## STANDARD

Generally, a party is limited to ten depositions. *See* Fed. R. Civ. P. 30(a)(1). However, that number may be increased with leave of Court. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). In determining whether leave should be granted a Court must consider discretionary factors found in Federal Rule of Civil Procedure 26(b), including:

> (1) Whether the additional depositions would be unreasonably cumulative or duplicative, or if the same information could be obtained from some less burdensome source;
> (2) Whether the moving party has had ample opportunity to obtain the information by discovery; and
> (3) Whether taking additional depositions would be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the burden compared to the benefit of the proposed discovery.

*Hadfield v. Newpage Corp.*, No. 5:14-cv-00027-TBR, 2016 WL 427924, at *4 (W.D. Ky. Feb. 3, 2016) (citing *Raniola v. Bratton*, 243 F.3d. 610, 628 (2d Cir. 2001)); *see also* Fed. R. Civ. P. 26(b). The party seeking additional depositions bears the burden of showing those additional depositions are necessary. *Hadfield*, 2016 WL 427924 at *4. "This showing cannot be based upon general assertions . . . 'the moving party must make a particularized showing why extra depositions are necessary.'" *Moore v. Abbott Laboratories*, No. 2:05- CV-1065, 2009 WL 73876,

at *1 (S.D. Ohio Jan. 8, 2009) (quoting *Schiller America, Inc.v. Welch Allyn, Inc.*, 2007 WL 2702247, at *1 (S.D. Fla. September 14, 2007)). A district court has the discretion (and perhaps the obligation) to deny leave to take additional depositions when no good reason to do so has been presented. *Moore*, 2009 WL 73876, at *1 (S.D. Ohio Jan. 8, 2009) (*citing Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996)).

## ANALYSIS

Plaintiffs seek to depose two additional witnesses—Nurse Diana Hines and Dr. Leslieann Dotson. They claim that the need to depose the new witnesses arose from testimony of other witnesses. Plaintiffs allege in their motion that Nurse Diana Hines "performed the hand-off communication regarding Ms. Profitt to the nurse who assumed Ms. Profitt's care." [R. 124 at p. 5]. They further allege that Dr. Dotson took over responsibility of managing Corbin's airway after he was intubated by Nurse Brenda Watson. [*Id*. at pp. 5-6]. Plaintiffs argue that the testimony of these additional witnesses is neither cumulative nor duplicative, is not available from other sources, and is proportional to the needs of the case.

a. <u>Nurse Hines</u>

First, Plaintiffs seek to depose Nurse Donna Hines, stating that Hines was identified as an additional witness during the testimony of Nurse Burke. Plaintiffs specifically identify Nurse Hines as being responsible for hand-off communication regarding the care of Plaintiff Profitt. Plaintiffs contend that they are entitled to depose Hines because, "the evidence in this case supports that there were repeated communication failures among care providers with information not being accurately reported regarding Ms. Profitt's symptoms and complaints . . ." [R. 143 at p. 3]. Defendants argue that the deposition of Nurse Hines is unnecessary for proper prosecution of

the Plaintiff's case, in that she did not play a role in caring for Ms. Profitt. In support, Defendants point to information available in the already disclosed medical record:

> "Specifically, Ms. Burke provided care to Ms. Profitt in the labor and delivery unit during the day shift on January 2, 2017, when Ms. Profitt presented to the unit around 5:25 pm. During Ms. Profitt's triage/observation visit, Ms. Burke took a history from Ms. Profitt, performed assessments, and communicated her findings to the on-call obstetrician, Dr. Gibson, documenting all of this in Ms. Profitt's medical record. Then, labor and delivery nurse Andrea Hopson arrived and assumed the care of Ms. Profitt for the night shift, beginning at approximately 7:00 pm. Like Ms. Burke had before her, Ms. Hopson took a history from Ms. Profitt, assessed her, reviewed Ms. Burke's documentation about Ms. Profitt's status, and ultimately, Ms. Hopson communicated her own findings regarding Ms. Profitt's condition to Dr. Gibson, who made the decision at 8:58 pm to discharge Ms. Profitt from the unit."

[R. 141 at pp. 10-11]. Defendants allege that there is no indication that Nurse Hines provided any care or was even present while others provided care, thus she could not provide any new or relevant testimony.

Plaintiffs do not meet their burden to take the additional deposition of Nurse Hines. Plaintiffs hinge their motion on the premise that the necessity to depose Nurse Hines arose from the deposition of Nurse Burke. However, in briefing they state:

> "Nurse Burke could not recall Nurse Hines's involvement in the treatment and care of Ms. Profitt on January 2nd and, specifically, did not know whether Nurse Hines was present when she provided treatment to Ms. Profitt, whether Nurse Hines had conversations with Dr. Gibson regarding Ms. Profitt's treatment, or what conversations Nurse Hines had with other HRMC nurses about Ms. Profitt's condition and/or treatment."

[R. 124 at p. 5]. Plaintiffs do not allege that, beyond performing hand-off communication, Nurse Hines had any involvement in Ms. Profitt's care. While true that Nurse Burke's testimony leaves open the possibility that Nurse Hines had some involvement, this supposed involvement simply is not enough to warrant an additional deposition past the Rule 30 allotment. Nurse Hines might possess some relevant and otherwise discoverable evidence, but the mere supposition that a

witness might know something about the case is not enough to justify extra depositions. *See Moore*, 2009 WL 73876, at *2. Further, it is not clear that a deposition of Nurse Hines would garner any information not already discovered through other depositions or in written discovery. Where the Plaintiffs have not met their burden of showing a particularized need, and having considered whether the deposition of Nurse Hines would be proportional to the needs of the case and the issues at stake, the Court will deny leave to depose Nurse Hines.

  b. Dr. Dotson

Finally, Plaintiffs seek leave to depose Dr. Leslieann Dotson. Plaintiffs, in their motion, state that Dr. Dotson was the individual responsible for managing Corbin's airway after he was intubated. [R. 124 at p. 5]. During the deposition of Nurse Watson, she testified that "Dr. Dotson was responsible for ordering a confirmatory x-ray for placement of the endotracheal tube." [*Id.*]. Further, Dr. Dotson was responsible for transferring Corbin to the University of Kentucky Medical Center. [*Id.* at p. 6]. Plaintiffs again argue that deposing Dr. Dotson would be neither cumulative nor duplicative and her testimony is not available from other sources. [*Id.*].

Defendants argue that a deposition of Dr. Dotson is neither relevant nor necessary. Further they dispute that the Plaintiffs' need to depose Dr. Dotson arose from new testimony, as her role in the events was apparent from medical records already discovered. [R. 141 at p. 8]. Additionally, they contend that Plaintiffs initially intended to depose Dr. Dotson as someone who participated in the Plaintiffs' care, but elected to forego that deposition in favor of another witness. [R. 138 at p. 4]. However, Defendants posit that Dr. Dotson is not related to any of Plaintiffs claims or defenses and that Plaintiffs would be foreclosed from bringing such a claim now. [*Id.* at p. 3]. Finally, Defendants argue that, in addition to the stress of a deposition during an ongoing

pandemic, the depositions thus far have been particularly arduous because counsel has engaged in "intimidating" and "aggressive" questioning. [*Id.* at pp. 4-8].

Unlike Nurse Hines, Plaintiffs state with particularity that Dr. Dotson played a significant role in the care administered. She was responsible for the maintaining Corbin's airway and made the decision to transfer the infant to the University of Kentucky. While Defendants' argument that Dr. Dotson is not a party to this suit is well taken, Plaintiffs allege in their complaint that the harm suffered was caused by negligent conduct of the Defendants, Dr. Gibson and the employees and/or agents of HRMC and HHS. [*See* R. 39 at ¶ 40]. Seeing as Dr. Dotson was responsible for Corbin's care from the period of time immediately following intubation until he was transferred, she is uniquely situated to provide a factual account of what occurred while the infant was still in HRMC's care. While some of her testimony might be duplicative or cumulative, the burden of deposing someone who played a significant role in the alleged negligent care is proportional to the needs of the case.

Again, Defendants' argument regarding Plaintiffs' knowledge of Dr. Dotson's involvement from the outset of the case is well taken. Indeed, the possibility that a party might indirectly circumvent the cap on depositions by first taking those that are harder to justify under Rule 26(b)(2), then seeking leave to take more substantial depositions is a legitimate concern. *See Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480 (N.D. Tex. 2001). That said, the complexity of this case warrants an additional deposition of a substantial witness such as Dr. Dotson. In HRMC's initial Rule 26(a) disclosure, they identified forty-two (42) employees and six (6) agents involved in the care and treatment of Ms. Profitt and Corbin—including Dr. Dotson. Plaintiffs have identified with sufficient particularity that Dr. Dotson's testimony is necessary, thus the Court will grant leave to depose her.

Therefore, having considered the motion and being sufficiently advised,

IT IS ORDERED that the Plaintiff's motion for leave to take additional depositions pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure [R. 124] is DENIED in part and GRANTED in part.

Signed March 1, 2021.

Signed By:
*Edward B. Atkins* /s/ EBA
United States Magistrate Judge