UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| CORRENIA J. PROFITT, *Individually and as Administratrix of the Estate of Corbin Raie Hill*, and SHAWN HILL,<br><br>    Plaintiffs,<br><br>V.<br><br>HIGHLANDS HOSPITAL CORPORATION et al.,<br><br>    Defendants. | CIVIL ACTION NO. 7:19-15-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

    This matter is before the Court on Plaintiffs' objections (DE 286) to the November 19, 2021 memorandum opinion and order (DE 276) by Magistrate Judge Atkins granting Defendants' motions for protective orders on behalf of their expert witnesses and denying as moot Plaintiffs' motion to compel compliance with their subpoenas duces tecum. Defendants having responded to the objections (DE 291) and Plaintiffs having replied (DE 297), the matter is now ripe for the Court's review. For the reasons set forth herein, the objections (DE 286) are OVERRULED. Defendants' motions for protective orders remain GRANTED and Plaintiffs' motion to compel remains DENIED.

**I. Background**

    The factual background of this case has been laid out in detail elsewhere in the record, but the Court will offer a brief summary as context for the motions at issue. In January 2017, Correnia J. Profitt went to the emergency department at Highlands Regional Medical Center (HRMC) after experiencing health issues related to her pregnancy. The hospital monitored her for several hours before discharging her. Plaintiff returned to HRMC the following

1

morning, and hospital personnel determined that a placental abruption had occurred, necessitating an emergency caesarean delivery of Plaintiff's child. Plaintiff's son, Corbin Raie Hill, was delivered, but required placement of an endotracheal tube. Corbin suffered pneumothorax and was airlifted to University of Kentucky Medical Center where he later died.

Profitt, individually and as administratrix of the estate of Corbin Raie Hill, and Shawn Hill, Corbin's father, originally sued HRMC and other defendants in January 2019 in Floyd County Circuit Court, but Defendants timely removed to federal court. (DE 1.) The litigation has progressed in this Court and various parties have engaged expert witnesses to provide testimony.

After Plaintiffs filed a notice of intent to serve subpoenas duces tecum on Defendants' retained expert witnesses requesting seven years' worth of IRS tax returns and all form 1099s reflecting income derived from their medical expert services (DE 216), several of the experts objected and the Magistrate Judge granted an interim protective order while the parties briefed the issue. (DE 229.) Defendants HRMC and the United States filed motions seeking protective orders prohibiting Plaintiffs from obtaining those documents. (DEs 234, 235.) The same day, Plaintiffs filed a motion to compel experts D'Alton, Rouse, Whaley, Fanaroff, Sagin, and Wright to comply with the subpoenas with a modified scope. (DE 236.)

In a memorandum opinion (DE 276), Magistrate Judge Atkins granted Defendants' motions for protective orders and denied Plaintiffs' motion to compel as moot. Plaintiffs filed objections to the Magistrate Judge's memorandum opinion (DE 286), and Defendant HRMC requested leave of the Court to file a response (DE 287), which they tendered. (DE 291.) Plaintiffs opposed HRMC's request to file a response (DE 296) and filed a reply to HRMC's tendered response. (DE 297.) HRMC filed a reply in support of their request for leave to file a response (DE 298), and the matter is now ripe for the Court's review.

## II. Standard of Review

Fed. R. Civ. P. 72 distinguishes between "nondispositive" and "dispositive" pretrial matters that may be handled by a magistrate judge. Discovery disputes—such as this one—are non-dispositive matters. *See Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (noting that a discovery motion is a non-dispositive pretrial motion reviewed under the "clearly erroneous" standard). According to Fed. R. Civ. P. 72(a), when dealing with nondispositive matters handled by a magistrate judge, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

In the Sixth Circuit, the "clearly erroneous or contrary to law" standard requires district courts to review a magistrate judge's legal conclusions de novo and factual findings for clear error. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 221 (6th Cir. 2019). A factual finding is "clearly erroneous" when although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Id.* at 219. A legal conclusion is "contrary to law" when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Id.*

## III. HRMC's Motion for Leave to File a Response

HRMC requested leave to file a response to Plaintiffs' objections to Magistrate Judge Atkins' memorandum opinion.  (DE 287.)  When a party files a written objection to a nondispositive order by a magistrate judge, Local Rule 72.2 prohibits another party from filing a response unless directed by the Court.  The rule "clearly contemplates the discretionary authority of the Court to grant leave for a party to file a response to a written objection to a Magistrate Judge's non-dispositive ruling." *Davis v. Hartford Life & Acc. Ins. Co.*, No. 3:14-CV-507-CHB, 2018 WL 5045211, at *1 (W.D. Ky. Oct. 17, 2018). Because the Court believes that HRMC's response will aid the Court in resolving the pending issues, the

Court will grant HRMC's motion (DE 287) and consider HRMC's response (DE 291) timely filed.

**IV. Plaintiffs' Objections to Magistrate Judge's Memorandum Opinion & Order**

Plaintiffs make the following objections: (1) the information sought is both relevant and discoverable, contrary to Magistrate Judge Atkins' findings; (2) Magistrate Judge Atkins incorrectly followed the approaches of *Behler v. Hanlon*, 199 F.R.D. 553 (D. Md. 2001) and *Campos v. MTD, Prods., Inc.*, No. 2-07-0029, 2009 WL 920337 (M.D. Tenn. Apr. 1, 2009) rather than the approach of *Estate of Jackson v. Billingslea*, No. 18-10400, 2019 WL 2743750 (E.D. Mich. July 1, 2019); (3) Magistrate Judge Atkins incorrectly applied Fed. R. Civ. P. 26(a)(2)(B); (4) Defendants are not entitled to a protective order, in part because they do not have standing to seek one with regard to a subpoena issued to a non-party; and (5) the memorandum opinion is otherwise erroneous. These objections can be distilled into two issues: (1) whether Magistrate Judge Atkins' determination that Defendants had standing to seek protective orders on behalf of their expert witnesses was correct, and (2) whether Magistrate Judge Atkins' decision to grant the protective orders was a correct application of the appropriate legal standards.

The Court will consider each issue in turn and, as required, will reverse any factual findings that are clearly erroneous and any legal conclusions that are contrary to law.

**A.   Defendants' Standing to Seek a Protective Order on Behalf of Their Experts**

In his memorandum opinion, Magistrate Judge Atkins found that "Defendants have standing to move for protective orders as to the discovery of their expert witnesses' financial information and the Court shall proceed to the merits of the motions." (DE 276 at 6.)

Plaintiffs object to Magistrate Judge Atkins' conclusion, citing a memorandum opinion by a magistrate judge, *Pogue v. Nw. Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS-CHL, 2016 WL 3094031 (W.D. Ky. June 1, 2016), about standing to challenge nonparty subpoenas issued

4

pursuant to Fed. R. Civ. P. 45. (DE 286 at 20–21.) However, even the case cited by Plaintiffs acknowledges that "courts have found that parties have standing to challenge nonparty subpoenas when such challenges are brought pursuant to Rule 26 . . . ." *Pogue*, 2016 WL 3094031, at *4.

The relevant portion of Rule 26(c)(1) provides: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." The plain text of the rule clearly contemplates standing for either "a party" or "any person from whom discovery is sought." To find that the rule intends the phrase "from whom discovery is sought" to apply to both "a party" and "any person" would render "a party" superfluous and would be contrary to widely accepted canons of interpretation. *See, e.g., Nielson v. Preap*, 129 S. Ct. 954, 969 (2019) (describing the canon against surplusage); *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1170 (2021) (describing the rule of the last antecedent). A review of district court cases in this circuit confirms this reading of Rule 26(c) that parties have standing to move for a protective order on behalf of a nonparty from whom discovery is sought. *Diamond Resorts Int'l, Inc. v. Phillips*, No. 3:17-cv-01124, 2018 WL 4328257, at *2 (M.D. Tenn. July 16, 2018) ("Rule 26(c) affords parties the ability to move for a protective order on a third party's behalf."); *Thogus Prods. Co. v. Bleep, LLC*, No. 1:20-cv-1887, 2021 WL 827003, at *5 (N.D. Ohio Mar. 4, 2021) ("[C]ourts have found that parties may have standing to seek a protective order under Rule 26(c) to preclude discovery though [sic] subpoenas issued to third parties."); *Sanders v. City of Pembroke*, No. 5:19-cv-00023-TBR-LLK, 2021 WL 3134666, at *2 (W.D. Ky. July 23, 2021); *Forefont Machining Techs., Inc. v. SARIX SA*, No. 3:19-cv-383, 2021 WL 3615725, at *4 (S.D. Ohio Aug. 16, 2021).

Thus, Magistrate Judge Atkins' determination that Defendants have standing to seek a protective order pursuant to Rule 26 was not contrary to law. Accordingly, Plaintiffs' objection as to this issue is overruled.

**B.     Discoverability of Financial Information Sought from Defendants' Experts**

In his memorandum opinion, Magistrate Judge Atkins exercised his discretion to grant Defendants' motions for protective orders, finding that "Plaintiffs here have not provided a compelling reason to intrude into the private finances—including tax returns, form 1099s, gross income from medical work, and gross income from all sources over the last seven (7) years." (DE 276 at 12.)

Plaintiffs object to the magistrate judge's analysis, arguing that the information is discoverable and relevant as to the experts' bias and credibility, that the *Behler* and *Campos* cases are distinguishable and incorrect, that the Court should follow the logic of *Billingslea*, and that Fed. R. Civ. P. 26 supports disclosure of the information. (DE 286 at 13–25.) Plaintiffs primarily cite *Billingslea*, but they also cite to other district court opinions from various circuits permitting discovery of experts' income earned through litigation activities. (DE 286 at 15.) Defendants cite various district court opinions, such as *Behler*, that reached the opposite conclusion and argue in their motions for protective orders that the information sought would be overly intrusive, chilling, and burdensome, as the experts would need to hire counsel to represent them or proceed pro se in motions to quash. (DEs 234, 235.) Magistrate Judge Atkins ultimately found *Behler*—and the many district court opinions from various circuits denying discovery of experts' financial information—to be more persuasive than *Billingslea*. He concluded that the information requested by Plaintiffs—seven (7) years of form 1099s reflecting payment for expert services and tax return excerpts indicating gross income (DE 236-1 at 8)—exceeded the scope of discovery for the reasons cited by Defendants when Plaintiffs had other adequate ways to allege bias on the part of Defendants' experts.

6

A Court may issue a protective order upon a showing of "good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). "To show good cause for a protective order, the moving party is required to make a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 929 (6th Cir. 2019) (internal quotation marks and citation omitted). Courts should balance the parties' right to discovery and the need for access to information with the burdens on the disclosing party and the need to prevent "fishing expeditions." *Serrano v. Cintas Corp.*, 699 F.3d 884, 902 (6th Cir. 2012). Ultimately, whether to grant a protective order is within the discretion of the trial court. *Coleman v. American Red Cross*, 979 F.2d 1135, 1138 (6th Cir. 1992).

As Plaintiffs argue, and as Magistrate Judge Atkins acknowledged, experts' individual finances are relevant to bias. *See* Fed. R. Civ. P. 26(b); *United States v. Abel*, 469 U.S. 45, 52 (1984). Thus, the crux of the issue is whether Magistrate Judge Atkins' balancing of Plaintiffs' right to discovery and the need for access to information with the burdens on Defendants' experts was contrary to law. There is a dearth of Court of Appeals cases addressing this issue. *Campos*, 2009 WL 920337, at *3 ("Courts have not been uniform in their approach to this question and many of the federal cases addressing this issue are unreported district court opinions. The parties have not cited and the Court has not found any Court of Appeals cases addressing this issue."). District courts have come to different conclusions based on the details of particular cases. *See, e.g., Behler*, 199 F.R.D. at 561 (finding that while there might be circumstances under which an expert's gross income and specific amount of income derived from expert services could be discoverable, such discovery should not be permitted absent a showing of why less intrusive financial information would not suffice); *Campos*, 2009 WL 920337, at *3–5 (reviewing many of the district court cases

7

dealing with the disclosure of experts' financial information and finding the reasoning of *Behler* compelling); *Billingslea*, 2019 WL 2743750, at \*2 ("While the rational of *Behler* is valid and well written, it is not the law in this jurisdiction, which finds gross income stated in 1099s not too intrusive or burdensome to outweigh the potential bias it can reveal."). Plaintiffs rebut Magistrate Judge Atkins' reference to the aforementioned quote from *Billingslea* by describing Kentucky state law as "lockstep" with *Billingslea*. While Kentucky state law is not dispositive as to the Court's analysis of this issue, it is worth noting that the case Plaintiffs cite actually comes to a different conclusion. *See Primm v. Isaac*, 127 S.W.3d 630, 637 (Ky. 2004) ("[T]he information necessary to demonstrate bias, i.e., the amount and percentage of [the expert's] income attributable to litigation-related activities, is likely readily available through oral or written deposition, without the intrusive and improper examination of [the expert's] 1099 forms, income tax returns, and billing invoices.").

    Here, Plaintiffs seek the sensitive financial documents of Defendants experts in order to show the jury "the true extent of their financial bias[.]" (DE 286 at 25.) Plaintiffs had the opportunity to, and did, ask these experts during depositions about the extent of their expert activities, including the percentage of their gross income attributable to expert work. (DE 245-1 at 6; DE 245-2 at 8; DE 243 at 5; DE 236-3 at 1; DE 236-6 at 2–3; DE 236-7 at 1–2; DE 236-8 at 1–2.) Plaintiffs will also have an opportunity to pursue questions related to the extent of the testifying experts' litigation-related work and its financial benefits at trial if Plaintiffs so choose.[1] The financial documents Plaintiffs' seek are incredibly intrusive, while providing Plaintiffs only a marginally greater ability to demonstrate the bias of the expert witnesses than Plaintiffs already possess. As Magistrate Judge Atkins put it: "Plaintiffs'

---

[1] This should not be interpreted as a preemptive ruling as to any particular questions that may be directed to testifying experts at trial.

8

request for financial information exceeds what is ordinarily necessary to demonstrate bias, undermine credibility, or impeach expert witnesses." (DE 276 at 10.)

The magistrate judge's determination that the burdens on the disclosing parties in this instance outweighed the need for access to information by the Plaintiffs and that the Defendants made a showing of good cause to issue protective orders was not contrary to law. Accordingly, Plaintiffs' objections as to this issue are overruled.

## V. Conclusion

The Court finds that neither Magistrate Judge Atkins' determination as to Defendants' standing to seek protective orders, nor his determination that Defendants made a showing of good cause to issue protective orders was contrary to law. Accordingly, **IT IS HEREBY ORDERED**:

(1) HRMC's motion (DE 287) for leave to file a response is **GRANTED**;

(2) Plaintiffs' objections (DE 286) to Magistrate Judge Atkins' memorandum opinion and order are **OVERRULED**; and

(3) Magistrate Judge Atkins' memorandum opinion and order (DE 276) granting Defendants' motions for protective orders and denying as moot Plaintiffs' motion to compel is **AFFIRMED**.

This 9th day of February, 2022.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY